

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00064-CR

_____

JOSEF TYREE MERCED, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 35044-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Josef Tyree Merced appeals his conviction for murder. *See* TEX. PENAL CODE ANN. § 19.02(b) (Vernon 2003). Merced's sole point of error alleges his trial counsel provided ineffective assistance. We overrule this issue and affirm his conviction.

The Sixth Amendment to our Federal Constitution guarantees the accused in a criminal case the right to counsel. *See* U.S. CONST. amend. VI; *Powell v. Alabama*, 287 U.S. 45 (1932). Implicit in this constitutional guarantee is the right to a competent and functioning counsel. *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984); *United States v. Cronic*, 466 U.S. 648, 654 (1984). If an accused's counsel provides incompetent and ineffective assistance at trial, and if it can be said that such ineffective assistance rises to the level of a due process violation, then such failings undermine our faith in the outcome of the accused's trial. *See Strickland*, 466 U.S. at 685; *Cronic*, 466 U.S. at 654.

To prevail on a claim of ineffective assistance, the appellant must demonstrate first "that his counsel's conduct was objectively deficient." *Ex parte McFarland*, 163 S.W.3d 743, 753 (Tex. Crim. App. 2005) (citing *Cronic*, 466 U.S. at 658). "In assessing this, we look to see if counsel was acting as 'a reasonably competent attorney' would under the circumstances." *Id.* (citing *Strickland*, 466 U.S. at 687). The appellant has the burden of proof on appeal, and he or she "must overcome a 'strong presumption that counsel's performance fell within the wide range of reasonable professional assistance.'" *Id.* (citing *Strickland*, 466 U.S. at 689). In essence, the appellant must

show that the trial attorney made errors that are "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

There are many problems attendant to raising a claim of ineffective assistance on direct appeal. As we recently observed,

> When, as here, ineffective assistance is raised on direct appeal, appellate counsel and the court must proceed on a trial record not developed for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. *Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003); *cf. Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Nonetheless, some claims may be disposed of on direct appeal where "trial counsel's ineffectiveness is so apparent from the record." *Massaro*, 538 U.S. at 508; *Freeman*, 125 S.W.3d at 506; *see also Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 814 n.6 (Tex. Crim. App. 1999). "[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did." *Andrews*, 159 S.W.3d at 102. A claim of ineffective assistance of counsel, on an undeveloped record on direct appeal, should, nonetheless, "be entertained and upheld if supported by the record."

*Fuller v. State*, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana 2007, no pet.) (footnote omitted); *see also Oldham v. State*, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998). If the record on direct appeal is inadequate, habeas corpus is the more appropriate avenue for developing the record on this issue. *Moore v. State*, 227 S.W.3d 421, 426 n.1 (Tex. App.—Texarkana 2007, pet. ref'd). Moreover, if the appellate court can imagine a strategic motive to explain the ineffective assistance claim, then the reviewing court may not sustain the appellant's point of error. *Freeman*, 125 S.W.3d at 511 (citing *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002)).

Merced contends he received ineffective assistance because his trial counsel neither challenged the admissibility of Merced's videotaped statement nor moved to suppress the State's remaining evidence.

First, Merced's appellate counsel characterizes the videotaped statement now at issue as showing the detective who conducted the custodial interrogation of Merced as "making repeated accusations and blatant lies to the Appellant." Merced nevertheless believes counsel's failure to seek suppression of such a statement results in constitutionally ineffective assistance. We disagree.

It would not have been an unreasonable trial tactic for Merced's trial counsel to affirmatively want such evidence admitted at trial. This is because a reasonable and common defensive strategy is to discredit the State's case by demonstrating that the State's witnesses are not credible. If the videotape convinced the jury that the police officers were lying to or misleading the defendant, it might have seriously damaged the credibility of the State's evidence. Accordingly, because we can perceive a strategic reason to explain trial counsel's acquiescence to the admission of the videotape, the record on appeal will not support Merced's claim of ineffective assistance on this basis.

Second, with respect to the allegation of receiving ineffective assistance because trial counsel did not file a motion to suppress, Merced has not affirmatively demonstrated that the record would have required the suppression of any of the State's evidence. As such, it is plausible that counsel had reviewed the State's evidence, and (having been an attorney with substantial practice before this particular trial court) made the professional judgment that the trial court hearing the case would have

4

been unlikely to grant any motion to suppress based on the discrete facts known by counsel and the current state of the law. Accordingly, because we can conceive a justification for trial counsel's alleged failure, the appellate record will not support a reversal based on Merced's allegations of ineffective assistance.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:    February 6, 2008
Date Decided:     February 29, 2008

Do Not Publish